UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRUNO MALDONADO,<br><br>              Plaintiff,<br><br>   v.<br><br>STATE OF IDAHO,<br><br>              Defendant. | Case No. 1:21-cv-00156-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Bruno Maldonado, an inmate in the custody of the Canyon County Jail, is proceeding pro se and in forma pauperis in this action. The Court now reviews the complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case with prejudice.

**1.    Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2. **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3. **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute.[1] To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

---

[1] The Court previously explained that it construes Plaintiff's initial pleading as a civil rights complaint because it asserts constitutional violations under the Eighth and Fourteenth Amendments. *See* Dkt. 5 at 1.

However, states and state entities are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

In addition, absent a waiver of sovereign immunity, states and state entities are immune from suit in federal court under the Eleventh Amendment. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not constitute such a waiver. *Quern v. Jordan*, 440 U.S. 332, 342–44 (1979). Nor has Idaho itself waived its sovereign immunity for constitutional claims. *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012).

The only Defendant named in this action is the State of Idaho. Because the State of Idaho is not subject to liability under § 1983 and is immune from suit, the complaint fails to state a claim upon which relief may be granted.

**4.    Opportunity to Amend**

The Court now considers whether to allow Plaintiff an opportunity to amend the complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires.

> Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se litigants so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135-36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. Plaintiff's claims are barred not because Plaintiff has failed to allege sufficient facts—a deficiency that could be cured by amendment—but because it is clear from the face of the complaint

that the only Defendant is not subject to liability under § 1983. Therefore, the Court will dismiss this case without leave to amend.

## ORDER

**IT IS ORDERED:**

1. This case is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

2. Plaintiff's Motion to Request an Answer (Dkt. 4) is DENIED as MOOT.

DATED: July 12, 2021

_____
B. Lynn Winmill
U.S. District Court Judge